***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHANNON R. HAMILTON, | : | |
| | : | Civil Action No. 12-7624 (ES) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| 1-20 UNKNOWN EXTRADITION OFFICER'S & SUPERVISOR'S FOR BERGEN CO. NEW JERSEY, et al., | : : : : | |
| Defendants. | : | |

**SALAS**, District Judge:

Plaintiff Shannon R. Hamilton ("Plaintiff"), a prisoner currently confined at the Federal Correctional Institution in Fort Dix, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed at this time.

**I. BACKGROUND**

Plaintiff brings this civil action against Defendants 1-20 Bergen County Extradition Officers; 1-20 Calhoun County Sheriff's Officers; and 1-20 Supervisors of the Extradition and Sheriff's Officers. The following factual allegations are taken from the complaint and are

accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On May 20, 1998, Plaintiff was arrested in Pinellas County, Florida on a Bergen County, New Jersey fugitive warrant. (Compl. 4). On May 25, 1998, Plaintiff received an extradition hearing, wherein he agreed to return to New Jersey. (*Id.*) While awaiting extradition, Plaintiff appeared in the Pinella County courts for an expired probation term and on June 5, 1998, he was sentenced to 18 months. (*Id.*) Six months into that sentence, Plaintiff received "emergency release." (*Id.*) Approximately two miles away from the prison, Plaintiff was arrested by Calhoun County, Florida Sheriff's Officers. (*Id.*) He was held at Calhoun County jail for 20 days before being returned to Bergen County on his fugitive warrant. (*Id.*) During his federal sentencing on November 2, 2010 on unrelated charges, Plaintiff objected to the usage of the June 5th conviction as a prior offense since he only served six months of his sentence. (*Id.*) Plaintiff is seeking monetary damages.[1]

## II. DISCUSSION

**A. Legal Standard**

**1. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions

---

[1] To the extent Plaintiff is challenging his underlying conviction and seeking release, such a claim is not cognizable in a civil rights case. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that a person may not obtain equitable relief under 42 U.S.C. § 1983 releasing him from confinement. *See also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). The Court ruled that when person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[2]  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

## 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## B. Analysis

Though it is not clear, it appears that Plaintiff is alleging claims for false arrest/imprisonment and improper extradition under 42 U.S.C. §1983.[3] The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

---

[3] Plaintiff cites to various other statutes in his complaint, however the other statutes listed either do not exist or are inapplicable to Plaintiff's factual allegations.

Federal courts look to state law to determine the limitations period for § 1983 actions. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *See id.*; *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). The date when a Section 1983 action accrues, however, is a matter of federal law. *Wallace*, 549 U.S. at 388. A Section 1983 claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam) (holding that a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of the injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong). Claims for false arrest typically accrue on the date of the arrest, because, at that point, the plaintiff has reason to know of the injury. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998).

In this case, Plaintiff alleges that he was falsely arrested in Florida, by Florida sheriff's officers, based on a New Jersey warrant. Based on the allegations in the complaint, Plaintiff was arrested in May 1998 and was extradited to New Jersey in January 1999. Plaintiff filed his complaint on December 5, 2012, (D.E. No. 1, Compl. 16), approximately fourteen years after he was arrested and extradited to New Jersey. Under both Florida's (four years) and New Jersey's (two years) statute of limitations periods, Plaintiff's claims are time barred. *Hillcrest Property, LLC v. Pasco County*, No. 13-12383, 2014 WL 2748192, at *2 (11th Cir. June 18, 2014); *McGill v. John Does A-Z*, 541 F. App'x 225, 227 (3d Cir. 2013); *Alexander v. Fletcher*, 367 F. App'x 289, 290 (3d Cir. 2010).

Plaintiff alleges that the "discovery rule" should toll the statute of limitations in this case because the Pinellas County courts neglected to inform Plaintiff that the "motion for discharge" was entered until September 2011.  (Compl. 7).  The Court is unclear as to the relevance of the "motion for discharge" to Plaintiff's claims for false arrest and improper extradition.  Moreover, despite his arguments to the contrary, at the time Petitioner was arrested and then extradited to New Jersey, he should have been aware of the injury that formed the basis of his claims.  *See Giles v. City of Phila.*, 542 F. App'x 121, 123 (3d Cir. 2013) ("a federal cause of action accrues upon awareness of injury, not upon awareness of a potential legal theory or cause of action") (citations omitted).

It is apparent from the face of the Complaint that Plaintiff's claims are time barred and this Court will dismiss them as untimely.  *See Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 694 n.2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.").

### III.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  While a District Court generally grants leave to correct the deficiencies in a complaint by amendment, in this case, granting leave to amend would be futile as Plaintiff has already put forth his argument for tolling which this Court found to be without merit.

6

*See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).   An appropriate order follows.

Dated: August 11, 2014

*s/ Esther Salas*
Esther Salas, U.S.D.J.